## CHRISTOPHER HAWKINS *vs.* SETH W. BAKER.[1]

Public Statutes R. I. cap. 204, § 33, provide :

" In any action at law pending in the Supreme Court in which the defendant may be entitled in equity to restrain the same, or to which the defendant may have an equitable defence, he may plead any matter which may entitle him to relief against such action in equity with the same effect as if the whole controversy was before a court of equity, and the plaintiff in any such proceeding may, in reply to any such plea, set up any equitable answer which he may have thereto."

*Held,* that a defendant could in defence avail himself of equitable matter at law to the same extent as but for the statute he could have done by a suit in equity.

*Held,* further, that a defendant could not use his equitable defence as an aggressive equity proceeding against the plaintiff.

*Held,* further, that a defendant might have an interlocutory, a qualified, or a conditional judgment on his plea of equitable defence.

*Held,* further, that a defendant on his plea of equitable defence could not have remedial relief against the plaintiff.

Hence, when a plea of equitable defence closed with a prayer for remedial relief against the plaintiff, and the plaintiff moved to strike out the prayer from the record :

*Held,* that the motion should be granted.

ASSUMPSIT. On plaintiff's motion to strike out the conclusion of the equitable plea.

In this case the plaintiff declared in the usual form upon a promissory note. The defendant alleged under Pub. Stat. R. I. cap. 204, § 33, by way of equitable plea, certain agreements with the plaintiff, and concluded his plea as follows :

" But now the defendant avers that the plaintiff, contrary to the truth, denies that he ever made the said agreement with defendant, and refuses to perform the same upon his part, and pretends and claims that the defendant is liable on said note now in suit in this case, and avows his intention to prosecute the same to final judgment against the defendant, all which denials, claims, pretences, and intentions are contrary to equity and good conscience ; and forasmuch as the defendant is remediless except by an appeal to the equitable jurisdiction of the court under the

---

[1] See *Baker* v. *Hawkins, infra.*

statute aforesaid, he prays the court that the plaintiff may be required to answer the premises but without oath, that he may be enjoined from any attempt to obtain judgment upon the note now in suit, and that upon the payment by the defendant to the plaintiff of the sum of $3,500, the plaintiff may be required to release and discharge the defendant of and from all liability upon the note now in suit in this case, and to cancel said note, and for such other relief as to equity and justice may appertain."

The defendant, subject to his equitable plea, also pleaded the general issue.

Pub. Stat. R. I. cap. 204, § 33, is recited in the opinion of the court.

Pub. Stat. R. I. cap. 192, § 16, is as follows:

"No cross bill shall be necessary in any suit in equity, but the defendant in any such suit may avail himself of any matter in defence which would be open to him upon a cross bill, by setting up such matter in his answer, and the court, upon the hearing of the case, may make any decree for or against either party, interlocutory or final, warranted by the merits of the case, that it could make in such suit had a cross bill been filed therein."

The plaintiff asked the court to strike out the concluding portion, above given, of the plea.

*Providence, February* 24, 1883.   DURFEE, C. J.   The provision of our statutes, Pub. Stat. R. I. cap. 204, § 33, allowing pleas of equitable defence, was doubtless suggested by the English Statute 17 & 18 Victoria, cap. 125, § 83, enacted in 1854, allowing equitable pleas in cases at law.   The English statute provides that "It shall be lawful for the defendant, or plaintiff in replevin, in any cause in any of the superior courts in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, to plead the facts which entitle him to such relief by way of defence, and the said courts are hereby empowered to receive such defence by way of plea; provided that such plea shall begin with the words: 'For defence on equitable grounds, or words to the like effect.'"   The English statute has been construed in many cases.   The construction is, that the equitable plea is not good unless it sets up facts which would entitle the defendant to an absolute and perpetual injunction in

equity against the judgment, the law courts having no power under the statute to render a qualified or provisional judgment. If the facts pleaded disclose a case for qualified or conditional relief, the plea cannot be allowed because the courts of law, to use the words of Baron Parke, "have no machinery" to administer such relief. *Wakley* v. *Froggatt,* 2 H. & C. 669 ; *Wodehouse* v. *Farebrother,* 5 El. & B. 277 ; *Phelps* v. *Prothero,* 16 C. B. 370 ; *Mines Royal Societies* v. *Magnay,* 10 Exch. Rep. 489 ; *Scott* v. *Littledale,* 8 El. & B. 815 ; *Vorley* v. *Barrett,* 1 C. B. N. S. 225 ; *Borrowman* v. *Rossel,* 16 C. B. N. S. 58. For instance, when to an action on a written contract the defendant pleaded a mistake in the contract as reduced to writing, the plea was disallowed, because the mistake called rather for a reform than the rescission of the contract, and the court was not competent to reform it. *Perez* v. *Oleaga,* 11 Exch. Rep. 506. Accordingly, under the English statute, whenever to do equity more is needed than merely to enter judgment for the defendant, or if the defendant seeks for further relief, a resort to the chancery courts continues to be necessary. And it has been held that where a defendant has an equitable defence, he is not compelled to plead it, but may, if he chooses, proceed in equity as before the statute : though after he has pleaded an equitable plea, the chancery courts do not interfere unless the case is such that the court of law cannot adequately deal with it and grant a full relief. *Kingsford* v. *Swinford,* 5 Jur. N. S. 261 ; *Gompertz* v. *Pooley,* 5 Jur. N. S. 261 ; also in 4 Drew. 448 ; *Evans* v. *Bembridge,* 2 Kay & J. 174 ; *Waterlow* v. *Bacon,* L. R. 2 Eq. 514.

Our statute, Pub. Stat. R. I. cap. 204, § 33, is in the following words, to wit : " In any action at law pending in the Supreme Court in which the defendant may be entitled in equity to restrain the same, or to which the defendant may have an equitable defence, he may plead any matter which may entitle him to relief against such action in equity with the same effect as if the whole controversy was before a court of equity, and the plaintiff in any such proceeding may, in reply to any such plea, set up any equitable answer which he may have thereto." The language not only differs from that of the English statute, but it differs so widely as to exclude the supposition that it was intended to have

the same limited construction. The defendant under our statute is entitled to plead any matter of equitable defence " with the same effect as if the whole controversy was before a court of equity." The language is singularly indeterminate. Broadly construed, it seems to put it in the power of a defendant, having an equitable defence, to convert the action at law into a suit in equity, reversing the relation of parties and putting the plaintiff on the defensive. It is not clear that this was not the purpose of the statute. We hesitate to hold that it was however. We hesitate to do so, not because we lack what Baron Parke called " the machinery," for if a duty be imposed which requires " the machinery," we would assume it to be granted ; but because, though an equitable plea be filed, legal pleas may also be filed, and thus, under such a construction, the proceeding might simultaneously be both an action at law, with issues to court or jury, and a suit in equity. It can hardly be supposed that this was contemplated. Moreover, a matter of equitable defence might very likely be complicated with other matters difficult of adjustment, and which could not be adjusted without the introduction of other parties. Now however advantageous it may be to abolish the distinctions of law and equity in some cases, it is nevertheless to be considered that simplicity of procedure, especially in actions at law, is a great *desideratum*. " In applying equitable doctrines in a new case," said Chief Baron Pollock in *Wakley* v. *Froggatt*, 2 H. & C. 669, 673, " I think we should be cautious not to enlarge their operation so as to increase the equitable jurisdiction of a court of law." We incline to the same opinion. We do not see that any advantage would accrue to the defendant if obliged to resort to a suit in equity, by having it tried within the bowels of an action at law, over what would accrue from having it tried separately, while we do see that such a proceeding might prove embarrassing to both the parties and the court. And, therefore, we think that in construing our statute we ought to regard the language, not as if it were used loosely and at large, but as limited in its application by the subject matter to which it relates, that is, to pleas and defences in actions at law. If we so regard it, then we shall hold that, in allowing a defendant to plead any matter of equitable defence " with the same effect as if the whole controversy was

before a court of equity," the statute does not mean to authorize him to completely revolutionize the action at law and turn it into a suit in equity against the plaintiff, but only to plead his equitable defence and have it avail him in the action at law *as a defence* to the same extent as previously to the statute he could have had it avail him in the action at law by a suit in equity. Our statute, even under such a construction, will go much farther than the English statute, and must be held to authorize, according to the nature of the relief which would be given in equity, an interlocutory, a qualified, or a conditional judgment. If the defendant wants more than this, if he wants to prosecute the plaintiff for remedial as well as defensive relief, he must still proceed as before the statute by a suit in equity. Indeed we are inclined to believe that it will be generally found that, in point of practical efficiency, a suit in equity is preferable to a plea of equitable defence, except where the plea is such that if sustained an unconditional judgment can be rendered thereon for the defendant.

In the case at bar the plea closes with a prayer for relief against the plaintiff, or with what, if allowed, would virtually make the plea a suit in equity. The plaintiff moves that this part of the plea be stricken out. The motion is granted.

*Motion granted.*